This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Wally and Joyce Wason and Thomas and Elizabeth Hershberger, appeal the decision of the Summit County Court of Common Pleas. This Court reverses.
 I. {¶ 2} In 1996, appellee Aramark Educational Resources, Inc., ("Aramark") applied for and was granted an application for conditional use approval to operate a day care facility to be known as Children's World Learning Center ("Children's World") at a site located at the southwest corner of State Route 91 (Darrow Road) and Faymont Drive in Hudson.
 {¶ 3} The plans that Children's World originally submitted to the Hudson Board of Zoning and Building Appeals ("HBZBA") and the Municipal Planning Committee ("MPC") showed an existing wooded area to be retained along the west boundary of the proposed site. Once Children's World was granted a conditional use zoning permit, the day care facility's site was clear-cut, eliminating all of the trees adjacent to appellants' residential uses. While preparing to file an action to require Children's World to increase the buffer between its property and their property, appellants became aware that part of the land upon which Children's World was situated was located in District 3, which is zoned for residential uses only. Appellants then sought to have Children's World's conditional use permit revoked in addition to the increased buffering between the properties.
 {¶ 4} While the actions were pending in the trial court, the Council for the City of Hudson adopted Ordinance No. 00-8. Ordinance No. 00-8 adjusted the boundaries of Hudson's District 7, which is zoned for commercial uses.
 {¶ 5} This appeal is the result of two separate actions. One action was filed as a complaint for injunctive and declaratory relief and for a writ of mandamus concerning landscaping, permitted use, and zoning issues. The second action was an administrative appeal from the order of the HBZBA, which continued Children's World's conditional use permit. The trial court found that Hudson's passage of Ordinance No. 00-8 mooted any violation of the original plan and that two outstanding issues remained relative to the approved landscaping plan. The trial court remanded the matter back to the HBZBA to determine whether there was compliance with the originally approved landscaping plan and whether a twenty-five foot buffer was required.
 {¶ 6} Appellants timely appealed, raising five assignments of error for review. Appellees Aramark and Sumitomo Bank and Leasing Finance, Inc. ("Sumitomo"), cross-appealed, setting forth two assignments of error.
 {¶ 7} This Court will first consider appellants' appeal.
 II. SECOND ASSIGNMENT OF ERROR {¶ 8} "SUBSEQUENT LEGISLATIVE ACTION BY HUDSON'S CITY COUNCIL DID NOT MOOT ANY OF APPELLANTS' CHALLENGES TO THE CONTINUED USE OF THE SUBJECT PROPERTY AS A DAY CARE FACILITY."
 {¶ 9} Appellants assignments of error will be discussed out of order for ease of discussion.
 {¶ 10} In an appeal of an administrative decision pursuant to R.C. 2506 et seq., the scope of review of the trial court is delineated by R.C. 2506.04. In particular, the trial court must consider the "`whole record,' including any new or additional evidence admitted under R.C.2506.03, and determine whether the administrative order[, adjudication, or decision] is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial reliable, and probative evidence." (Emphasis added.) Henleyv. Youngstown (2000), 90 Ohio St.3d 142, 147. In an appeal under R.C. 2506, the trial court must give due deference to the administrative resolution of evidentiary conflicts. Washington v. Civil Serv. Comm. OfAkron (Feb 6, 2002), 9th Dist. No. 20620, citing Burch v. Cuyahoga Falls
(Oct. 24, 1984), 9th Dist. No. 11661.
 {¶ 11} The trial court in its order of February 26, 2002, denied the motion for additional evidence to be taken. Therefore, the court was limited to the transcript and any other evidence that was admitted at the HBZBA hearing. This Court notes that Aramark and Sumitomo filed a motion for summary judgment arguing that the passage of Ordinance No. 00-8 rendered appellants' causes of action moot. A motion for summary judgment is inappropriate in an appeal filed pursuant to R.C. 2506. Ordinance No. 00-8 was not in the record of the HBZBA. Therefore, the court abused its discretion in considering a motion for summary judgment, as the trial court's review was limited to what was in the record in the R.C. 2506 appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 12} "THE TRIAL COURT COULD NOT RELY ON EXTRANEOUS EVIDENCE IN DECIDING THAT SUBSEQUENT LEGISLATIVE ACTION MOOTED CERTAIN OF THE ISSUES PRESENTED BY APPELLANTS IN THEIR ADMINISTRATIVE APPEAL.
 THIRD ASSIGNMENT OF ERROR {¶ 13} "THE TRIAL COURT ERRED IN DISMISSING THE TAXPAYERS' ACTION WHEN SUBSTANTIAL ISSUES REMAINED FOR ADJUDICATION UNDER CHAPERS 733 AND 2731 OF THE OHIO REVISED CODE."
 FOURTH ASSIGNMENT OF ERROR {¶ 14} "THE TRIAL COURT ERRED IN DISMISSING THE INDEPENDENT CAUSE OF ACTION UNDER SECTION 1222.08 OF HUDSON'S CODIFIED ORDINANCES WHEN SUBSTANTIAL ISSUES REMAINED FOR ADJUDICATION UNDER THAT ACTION."
 FIFTH ASSIGNMENT OF ERROR {¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING APPELLANTS THE OPPORTUNITY TO SUPPLEMENT THE ADMINISTRATIVE RECORD BY WAY OF AN EVIDENTIARY HEARING OR OTHERWISE."
 {¶ 16} Given this Court's disposition of appellants' second assignment of error, we will not address appellants' remaining assignments of error.
 CROSS-APPEAL {¶ 17} Now, we turn to appellees' cross appeal wherein they submit the following assignments of error:
 FIRST ASSIGNMENT OF ERROR {¶ 18} "THE TRIAL COURT INCORRECTLY DETERMINED THAT APPELLEES FAILED TO COMPLY WITH THE ORIGINALLY APPROVED LANDSCAPING PLAN."
 SECOND ASSIGNMENT OF ERROR {¶ 19} "SINCE THE MUNICIPAL PLANNING COMMISSION PROPERLY CONSIDERED ALL BUFFERING REQUIREMENTS OF CHAPTER 1286 OF HUDSON'S CODIFIED ORDINANCES IN APPROVING CHILDREN'S WORLD'S SITE, THE TRIAL COURT CANNOT SUBS[T]ITUTE ITS OWN JUDGMENT FOR THAT OF THE MUNICIPAL PLANNING COMMISSION."
 {¶ 20} In their cross appeal, appellees argue that the trial court erred when it determined that appellees failed to comply with the originally approved landscaping plan. Essentially, appellees argue that the trial court substituted its judgment for that of the municipal planning commission.
 {¶ 21} Given this Court's disposition of the appeal, this Court will not address appellees' cross-appeal. See App.R. 12(A)(1)(c).
 III. {¶ 22} The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.
SLABY, P.J., WHITMORE, J. CONCUR; CARR, J. CONCURS IN JUDGMENT ONLY WITH NO OPINION.